UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK AUSTIN,

                         Plaintiff,

    -against-

HANPOOL, INC. d/b/a GAMMEEOK
and BEAUTRI REALTY CORP.,

                        Defendants
-------------------------------------------------------------x

**Caso No.** 1:25-cv-5235

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as

and for the Complaint in this action against defendants Hanpool, Inc. d/b/a Gammeeok and Beautri

Realty Corp. (together referred to as "defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1.       This case challenges persistent and unlawful discrimination on the basis of

disability at Defendants' establishment. Plaintiff seeks injunctive, declaratory, and equitable relief, as

well as compensatory damages, attorneys' fees, and costs, under Title III of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and its accompanying regulations; the New York

State Executive Law § 296; the New York State Civil Rights Law § 40; and the Administrative Code

of the City of New York § 8-107.

2.       Defendants own, lease, operate, or control a business that qualifies as a

public accommodation but fails to comply with basic accessibility standards. As such, they are

liable for the actions and inactions of their staff and agents with respect to the violations

alleged.

3.       Rather than complying with longstanding accessibility laws, Defendants

made a cost-driven decision to exclude people with disabilities from meaningful access. That

choice—motivated by the belief they wouldn't be held accountable—devalues the rights of

individuals like Plaintiff. This lawsuit is intended to correct that failure and ensure Defendants'

business is made accessible so that Plaintiff is afforded the same use and enjoyment as

customers without disabilities.

## JURISDICTION AND VENUE

4.        This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and

42 U.S.C. § 12188, as the claims arise under federal law, specifically the ADA. The Court also has

supplemental jurisdiction over Plaintiff's state and local law claims under 28 U.S.C. § 1367(a), as they

are part of the same case or controversy.

5.        Venue is proper in this District under 28 U.S.C. § 1391(b), because the

events giving rise to Plaintiff's claims occurred in this District and the facility at issue is

located within the Southern District of New York.

## PARTIES

6.        At all relevant times, Plaintiff has resided in New York County, New York.

7.        Plaintiff has a significant and permanent mobility impairment resulting from

spinal damage between the L3 and L5 vertebrae, coupled with nerve palsy. As a result, he is

unable to walk and has a substantially limited range of motion. He relies on a wheelchair for

mobility.

8.        Defendants operate or lease the premises located at or near 9 West 32nd Street,

2nd Floor, New York, NY 10001 (the "Premises").

9.        Each Defendant is authorized to conduct, and does conduct, business in the

State of New York.

10.       At all times relevant, the Premises functioned as a place of public

accommodation operated or controlled by Defendants.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11.      Defendants qualify as operators of a public accommodation under the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the New York State Executive Law (§ 292(9)), and the New York City Administrative Code (§ 8-102(9)) because they own, lease, control, or manage the Premises.

12.      The Premises constitutes a public accommodation under the same statutes, as it is a privately operated business that impacts commerce and is open to the public.

13.      Numerous physical barriers exist at the Premises, making it inaccessible to individuals with mobility disabilities like Plaintiff.

14.      Upon information and belief, the Premises was either constructed for first occupancy after January 26, 1993, or underwent alterations after January 1992 that triggered accessibility obligations.

15.      Plaintiff regularly travels through the neighborhood where the Premises is located for dining, shopping, and time with family. During such visits, he often enjoys reading or listening to music while dining.

16.      Plaintiff utilizes an electric wheelchair to navigate the city, occasionally relying on public buses as well.

17.      On or around May 3, 2025, Plaintiff attempted to visit the Premises, drawn by its vibrant atmosphere and interest in trying its Korean dishes, including the sangye tang.

18.      When he arrived, Plaintiff encountered stairs at the main entrance and found no way to alert staff for help. He was unable to gain entry and left feeling humiliated and excluded.

19.      Although that visit ended in exclusion, Plaintiff still wishes to return once the Premises is made accessible.

20.    The location is less than an hour from Plaintiff's home and offers food and experiences he hopes to enjoy on equal terms.

21.    The design, construction, and/or modification of the Premises does not comply with federal, state, or local accessibility requirements, including the 1991 and 2010 ADA Standards for Accessible Design, the NYC Administrative Code, the Building Code of the City of New York, and the 2014 NYC Construction Code.

22.    The conditions Plaintiff encountered at the Premises do not meet the minimum accessibility requirements for entrances, interior routes, dining surfaces, or customer service areas.

23.    Plaintiff observed and was impacted by the following noncompliant features:

24.    **Inaccessible Entrance:**

There is no accessible path into the Premises. Steps at the entrance block access, and no ramp or alternative route is provided. No call button or signage exists to request assistance from staff.

25.    Standards require an accessible route from sidewalks or public transit stops to the entrance, compliant with Sections 206 and 402 of the ADA guidelines. Entry doors must conform with Section 404, and changes in level greater than ½ inch require ramps in accordance with Sections 405 or 406.

26.    **Inaccessible Dining Tables:**

The restaurant fails to provide the required percentage of accessible dining tables. Existing tables lack necessary knee and toe clearance and fail to meet design criteria under Sections 902 and 306 of the ADA Standards.

27.    **Inaccessible Bar Area:**

The bar exceeds maximum height allowances and does not include an accessible segment

with proper clearances. There is no knee or toe space, and no lowered portion for wheelchair users, as required by the same ADA sections that govern dining surfaces.

28.     The list above is not exhaustive. Upon information and belief, further barriers exist that can only be confirmed through a complete accessibility survey.

29.     To properly enforce civil rights and avoid fragmented litigation, Plaintiff must conduct a full inspection of the Premises. Plaintiff gives notice that he intends to amend the complaint to address any additional violations uncovered through inspection.

30.     Defendants have denied Plaintiff the opportunity to access and benefit from their services on equal terms, in violation of both federal and local law.

31.     Defendants have failed to adopt or enforce policies that ensure compliance with applicable accessibility standards and have not offered reasonable modifications or accommodations to individuals with disabilities.

32.     As a result of Defendants' ongoing violations, Plaintiff faces a continuing and credible threat of future discrimination. The barriers remain in place and continue to deter him.

33.     Plaintiff routinely travels through the area and plans to return to the Premises multiple times once it is brought into compliance. He looks forward to enjoying the food and atmosphere on equal footing with non-disabled patrons.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

34.     Plaintiff repeats and realleges all prior allegations as if fully stated here.

35.     Plaintiff lives with a disability that substantially impairs his mobility. He uses a wheelchair for all forms of travel and experiences significant limitations in movement and function.

36.     Title III of the ADA prohibits discrimination on the basis of disability by

operators of places of public accommodation. Both property owners and lessees share responsibility for ensuring compliance and may not shift liability through private agreements. See 28 C.F.R. § 36.201(b).

37.     Defendants have violated Title III by excluding Plaintiff from equal participation in their services and by maintaining physical and policy-based barriers that deny him access.

38.     Their conduct sends a clear message to disabled individuals: you are not welcome here.

39.     Defendants have constructed or altered their facility in a way that is not accessible to people with disabilities, and their Premises does not comply with either the 1991 or 2010 ADA Standards. See 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401.

40.     They have failed to ensure full and equal integration of disabled patrons in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

41.     Further, upon altering the Premises, Defendants did not upgrade the affected areas or the corresponding paths of travel to meet accessibility requirements, as required under 28 C.F.R. §§ 36.402, 36.403, and 36.406.

42.     Defendants also failed to make readily achievable changes that would remove architectural barriers in violation of 28 C.F.R. § 36.304. These changes could have been implemented without significant difficulty or expense.

43.     Alternatively, Defendants failed to provide effective alternatives to barrier removal, as required by 28 C.F.R. § 36.305.

44.     Their ongoing refusal to bring the Premises into compliance constitutes a pattern or practice of discrimination prohibited by 42 U.S.C. § 12181 et seq., and 28 C.F.R. § 36.101 et seq.

45.     As of the filing of this action, Defendants continue to operate a business that is inaccessible to people with disabilities and thus in violation of the ADA.

## SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

46.     Plaintiff repeats and incorporates all preceding allegations.

47.     Plaintiff has a disability as defined by Executive Law § 296(21), which recognizes physical impairments that hinder normal bodily functions, including mobility and range of motion.

48.     Defendants have denied Plaintiff an equal opportunity to access and enjoy their place of public accommodation because of his disability.

49.     By operating a facility that remains physically inaccessible, Defendants have violated Executive Law § 296(2). Each has played a role in the maintenance or creation of this noncompliant space and has aided the other in doing so.

50.     Defendants failed to remove architectural barriers even though it would have been readily achievable to do so, in violation of § 296(2)(c)(iii).

51.     Alternatively, Defendants failed to provide reasonable substitute measures or accommodations, in violation of § 296(2)(c)(iv).

52.     Making the Premises accessible would not impose a substantial hardship or unreasonable financial burden.

53.     As a direct result of Defendants' discriminatory conduct, Plaintiff has endured emotional harm, including distress, humiliation, frustration, and anxiety.

54.     Plaintiff has incurred and will continue to incur damages, the exact amount of which will be determined at trial.

**THIRD CAUSE OF ACTION**

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

55.    Plaintiff repeats and reasserts all prior allegations as though fully stated here.

56.    Plaintiff has a physical disability as defined in Administrative Code § 8-102(16), which includes impairments that substantially affect bodily systems and core life activities such as walking and mobility.

57.    The Local Civil Rights Restoration Act of 2005 (Local Law 85) broadened the scope of the Administrative Code to provide more expansive protections than federal or state anti-discrimination laws. The law explicitly requires courts to interpret these provisions liberally to achieve their remedial purpose. See Administrative Code § 8-130.

58.    Defendants have violated § 8-107(4) by engaging in both disparate treatment and disparate impact discrimination. They have directly and indirectly withheld, denied, or limited access to the advantages, services, and facilities of their business on the basis of disability.

59.    Defendants are further liable for aiding and abetting one another in committing discriminatory conduct.

60.    By designing, maintaining, and operating an inaccessible commercial space, Defendants have perpetuated a system of exclusion in violation of Local Law 58 and the broader mandates of the Administrative Code.

61.    Defendants' conduct continues to deprive Plaintiff of access, dignity, and equal treatment, and has caused him to suffer ongoing emotional harm, including stress, embarrassment, and humiliation.

62.    Upon information and belief, Defendants have long been aware of their obligations under the law and have knowingly chosen not to comply. Their inaction reflects a

willful disregard for Plaintiff's rights and the rights of similarly situated individuals.

63.     By continuing to profit from an establishment that excludes people with disabilities, Defendants have unlawfully benefited from their noncompliance. They should be ordered to disgorge these profits, with interest.

64.     In light of the egregious and reckless nature of Defendants' conduct, Plaintiff is entitled to seek punitive damages under Administrative Code § 8-502.

65.     Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

66.     Plaintiff incorporates by reference all preceding allegations.

67.     Defendants' discriminatory treatment of Plaintiff, as set forth above, also constitutes a violation of New York State Executive Law § 296.

68.     Accordingly, Plaintiff is entitled to recover the statutory penalties provided under New York Civil Rights Law §§ 40-c and 40-d for each instance of discrimination.

**INJUNCTIVE RELIEF**

69.     Plaintiff continues to be harmed by Defendants' failure to comply with applicable disability access laws. Injunctive relief is required to compel Defendants to bring their facility, policies, and practices into compliance.

70.     Such relief must include modifications to the Premises to eliminate architectural barriers, as well as revisions to operational procedures to ensure ongoing accessibility for individuals with disabilities.

71.     Defendants must also be ordered to implement auxiliary aids or services and make reasonable modifications, consistent with the ADA, Executive Law, and Administrative Code.

**DECLARATORY RELIEF**

72.     Plaintiff seeks a judicial declaration confirming that Defendants' conduct violates the ADA, the Executive Law, and the Administrative Code, and identifying the required corrective measures necessary to bring their place of public accommodation into compliance.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

73.     Plaintiff has retained legal counsel to prosecute this action and is entitled to recover reasonable attorneys' fees, costs, and litigation expenses under the ADA and the Administrative Code. See 42 U.S.C. § 12205; 28 C.F.R. § 36.505; Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i.     Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii.     Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii.     Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not

reoccur;

iv.    Award of compensatory damages in an amount to be determined at trial;

v.    Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.    Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.    Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.    For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.


Dated: June 24, 2025

    Manhasset, New York

                              Respectfully submitted,


                              **GABRIEL A. LEVY, P.C.**
                              Attorney for Plaintiff
                              1129 Northern Blvd, Suite 404
                              Manhasset, NY 11030
                              (347) 941-4715

                              **By:** /s/ Gabriel A. Levy, Esq.
                              **GABRIEL A. LEVY, ESQ (5488655)**
                              Glevy@glpcfirm.com